HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section
JOHN P. MERTENS (CA No. 252762)
Acting Deputy Chief
ERIC LANSING (VA No. 86299)
Trial Attorney
Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, DC 20530
    Telephone: (202) 598-9726
    Email: john.mertens@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    E-Mail: julie.hamill@usdoj.gov

Attorneys for Plaintiff-Intervenor
United States Of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1776 PROJECT FOUNDATION,<br><br>*Plaintiff*,<br><br>and<br><br>THE UNITED STATES OF AMERICA,<br><br>*Plaintiff-Intervenor*,<br><br>v.<br><br>ALBERTO M. CARVALHO, Superintendent of the Los Angeles Unified School District (LAUSD), and SCOTT | No. 2:26-cv-00548-HDV (AGRx)<br><br>UNITED STATES OF AMERICA'S NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE<br><br>Hearing Date:  March 26, 2026<br>Hearing Time:  10:00 a.m.<br>Ctrm:  5D<br>Hon.  Hernan D. Vera |

SCHMERELSON, President of the Los Angeles Unified School District (LAUSD) Board of Education, and BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT,

       *Defendants*.

## NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that proposed Plaintiff-Intervenor, the United States of America, will, and hereby does, move this Court for leave to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(1) and 42 U.S.C. § 2000h-2 for the reasons further articulated in the concurrently filed memorandum. Plaintiff in this action seeks relief for a violation of the Equal Protection Clause of the Fourteenth Amendment on the basis of race, and the Attorney General of the United States has certified the case to be of general public importance. Alternatively, the United States will, and hereby does, move this Court for leave to intervene in this action pursuant to Fed. R. Civ. P. 24(b). Because Plaintiffs and the United States both allege an Equal Protection claim regarding race-based discrimination, the United States' claim shares common questions of law and fact with Plaintiffs' claims. The United States' Motion is timely, and, with the litigation at its very early stages, the United States' participation would neither unduly delay the proceedings nor prejudice the existing parties' rights.

This motion is based on this Notice, the attached Memorandum in Support, the Proposed Complaint in Intervention, the Certification of the Attorney General, the documents and evidence in the record, and any argument the Court may hear. A proposed Order accompanies this motion.

Pursuant to Local Rule 7-3, prior to filing, counsel for the United States met and conferred with counsel for Plaintiff by telephone on January 21, 2026. The parties reached a resolution: Plaintiff does not oppose intervention. No other parties have appeared at the time of filing.

DATED: February 18, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section

*/s/ John P. Mertens*
JOHN P. MERTENS
Acting Deputy Chief
ERIC LANSING
Trial Attorney

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney

Attorneys for Plaintiff-Intervenor
United States Of America

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The United States respectfully moves, pursuant to Federal Rule of Civil Procedure 24 and 42 U.S.C. § 2000h-2, to intervene in this action to remedy significant violations of the U.S. Constitution arising from the Los Angeles Unified School District's ("LAUSD") implementation of the PHBAO Program–a program whereby students are categorized by race, color, or national origin, and then schools are assigned as PHBAO (meaning Predominately Hispanic, Black, Asian, or Other (non-Anglo)) or non-PHBAO, based on the racial makeup of the resident student population. LAUSD then assigns resources and educational opportunities to students based on the racial composition of the school in violation of the Constitution's guarantee of equal protection of the laws.

As shown below, the United States should be granted intervention as of right on two grounds. First, the United States has an unconditional statutory right to intervene. *See* Fed. R. Civ. P. 24(a)(1); 42 U.S.C. § 2000h-2. Second, the United States may intervene as of right because it has significant interests in this case that may, as a practical matter, be impeded by disposition of this case and cannot be adequately represented by the other parties. *See* Fed. R. Civ. P. 24(a)(2). Furthermore, given that this action was filed only recently, the United States' motion is timely. *Id.* The Proposed Complaint in Intervention ("Complaint") is attached hereto as Exhibit 1.

## II. BACKGROUND

LAUSD administers a race, color, and national origin-based preference system called the PHBAO Program. Under this program, students who reside in a school area that is "predominantly" (defined as 70%) populated by students who meet LAUSD's definition of Hispanic, Black, Asian, and Other (non-Anglo) are given certain educational benefits including guaranteed parent-teacher conferences, a lower student/teacher ratio, and preferential access to magnet programs.

The Plaintiff in this case represents students in non-PHBAO schools who seek to access these benefits on equal footing with their peers in PHBAO schools, and ask the

1

Court to vindicate their rights to access educational opportunities without regard to the race, color, or national origin of themselves or their neighbors who reside within the zones assigned to their particular schools. The First Cause of Action filed by Plaintiff seeks to vindicate equal protection rights under the Fourteenth Amendment to the U.S. Constitution, relying on 42 U.S.C. § 1983 to enjoin this discriminatory and illegal program.

The United States Attorney General has reviewed this action and determined it is a case of general public importance. This case will provide relief to the Plaintiff's members but will also relieve the entire LAUSD student population of the "injury," of "being forced to compete in a race-based system that may prejudice the[m]." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007).

### III.    ARGUMENT

*A.    The United States Has an Unconditional Statutory Right to Intervene.*

The United States' motion to intervene should be granted under Rule 24(a)(1) because Section 902 of the 1964 Civil Rights Act, codified at 42 U.S.C. § 2000h-2, confers on the United States an unconditional right to intervene in this action. Section 902 provides:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2. This action claims that the PHBAO Program violates equal protection based on race, color, or national origin. Plaintiff's Complaint ¶¶ 42-48. Furthermore, the United States Attorney General has certified that this case is of "general public importance." *See* Certificate of the Attorney General, attached as Exhibit 2. Once these statutory prerequisites are met, the "right to intervention by the United States . . . is

2

an absolute and not a permissive one." *Spangler v. United States*, 415 F.2d 1242, 1244 (9th Cir. 1969); *see also Melendres v. Skinner*, 113 F.4th 1126, 1129 n.3 (9th Cir. 2024). Furthermore, as explained in Section III.B.1 *infra*, the United States' motion is timely.

B.     The United States May Intervene as of Right Under Rule 24(a)(2).

The United States' motion to intervene should also be granted as of right under Rule 24(a)(2). Under this rule, an applicant is entitled to intervene when:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). While the applicant has the burden to show each element, they "are broadly interpreted in favor of intervention." *Citizens for Balanced Use*, 647 F.3d at 897. "We construe Rule 24(a) liberally in favor of potential intervenors." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

    1.     <u>The United States' Motion is Timely.</u>

First, there is no reasonable dispute that the United States' motion is timely. Timeliness focuses on "three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)).[1]

Each of these factors weighs in favor of granting intervention here. This action was filed on January 20, 2026, and the United States moved to intervene approximately one month later. This litigation is accordingly at an early stage, with no discovery or

---

[1] Courts generally apply the same factors to similarly worded requirements that a motion to intervene be "timely." *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (applying same timeliness factors for intervention as of right and permissive intervention).

3

dispositive motions, and no response to the initial complaint. There has been no delay and, consequently, no prejudice to the other parties.

        2.      <u>The United States Has a Significant Protectable Interest in This Action.</u>

The United States has a significant protectable interest in ensuring that state and local programs do not violate the Fourteenth Amendment. "The requirement of a significantly protectable interest is generally satisfied when the interest is protectable under some law, and there is a relationship between the legally protected interest and the claims at issue." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quotation and alteration marks omitted). "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Citizens for Balanced Use*, 647 F.3d at 897 (quotation and alteration marks omitted). This interest need not rise to the level required for Article III standing, provided that the applicant "seek[s] the same relief sought by at least one existing party to the case." *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) (citing *Little Sisters of the Poor Sts. Peter and Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020)). Plaintiff and the United States both seek to enjoin the PHBAO Program under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment.

It is well settled that "the United States suffers a concrete harm to its sovereignty when its laws are violated." *La Unión del Pueblo Entero v. Abbott*, 604 F. Supp. 3d 512, 526 (W.D. Tex. 2022); *accord Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 771 (2000) (United States suffers an "injury to its sovereignty arising from violation of its laws"). Furthermore, the Ninth Circuit has recognized that the Attorney General has a "protectable interest" arising from the "administration and enforcement of the laws." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981); *see also, United States v. Idaho*, 623 F. Supp. 3d 1096, 1107 (D. Idaho 2022) ("[T]he United States' sovereign interests are harmed when its laws are violated.")

Congress has passed a statute to enforce the rights set forth in the Fourteenth Amendment. 42 U.S.C. § 1983. It has also authorized the Attorney General to intervene in such suits via Section 902 of the 1964 Civil Rights Act. 42 U.S.C. § 2000h-2. Numerous courts have found that the Attorney General's sovereign interest in enforcing the Fourteenth Amendment is strong enough to support Article III standing, which exceeds what Rule 24(a)(2) requires. *See United States v. City of Jackson*, 318 F.2d 1, 14-17 (5th Cir. 1963) (citing *In re Debs*, 158 U.S. 564, 584-86 (1895)) ("When a State, . . . by a law or pattern of conduct, takes action motivated by a policy which collides with national policy as embodied in the Constitution, the interest of the United States 'to promote the interest of all' gives it standing to challenge the State in the courts.") The United States therefore has a "significant protectable interest" in this litigation.

### 3. Disposition of This Case May Impede the United States' Interests.

The United States' ability to protect the substantial legal interest described above would, as a practical matter, be impaired absent intervention in this case. The Ninth Circuit's rule is "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citing Fed.R.Civ.P. 24 advisory committee's notes).

The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant the United States' intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (holding intervention was necessary to protect state intervenor's interest where case might "have a precedential impact regarding the availability of an enforceable right of action"); *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 400 (9th Cir. 2002) (holding amicus curiae status may be insufficient to protect rights of applicant for intervention "because such status does not allow [applicant] to raise issues or arguments formally and gives [applicant] no right of appeal"); *Smith v. Pangilinan,* 651 F.2d at 1325 ("In appropriate circumstances, . . . *stare decisis* may supply the requisite practical impairment warranting intervention of right.").

4.      <u>The United States' Interests Are Not Adequately Represented.</u>

Finally, the United States' interests in this litigation are not adequately represented by the existing parties to the case. "The [proposed intervenor's] burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are relevant: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

The existing parties cannot adequately represent the United States' interests because no private party may adequately represent the United States' sovereign interest in ensuring enforcement of fundamental rights under the Constitution. "[T]he United States has an interest in enforcing federal law that is independent of any claims of private citizens." *United States v. E. Baton Rouge Sch. Dist.*, 594 F.2d 56, 58 (5th Cir. 1979); *see also EEOC v. Pemco Aeroplex*, 383 F.3d 1280, 1291 (11th Cir. 2004) ("Quite simply, it is so unusual to find privity between a governmental agency and private plaintiffs because governmental agencies have statutory duties, responsibilities, and interests that are far broader than the discrete interests of a private party."). Thus, "[a]ggrieved individuals . . . lack the required 'identity of interests' with government agencies." *Acosta v. Idaho Falls Sch. Dist. No. 91*, 291 F. Supp.3d 1162, 1168 (D. Idaho 2017). And absent "identical" interests, there can be no "adequate representation" under Rule 24(a)(2). *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 195-196 142 S. Ct. 2191, 2203-2204, 213 L. Ed. 2d 517 (2022) (rejecting a presumption that the state board of elections adequately represented state legislators' interests merely because they were "related" to the board's interests). Accordingly, the United States meets this requirement for intervention.

6

### C. The United States Meets the Permissive Intervention Standard Under Rule 24(b).

Alternatively, this Court should permit the United States to intervene because the United States meets the requirements for permissive intervention under Rule 24(b). For permissive intervention, Rule 24(b) provides as follows:

**(1) *In General.*** On timely motion, the court may permit anyone to intervene who:

. . .

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

. . .

**(3) *Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Here, Plaintiffs assert an Equal Protection claim regarding race-based discrimination. The United States also alleges an Equal Protection claim, namely that Defendant engaged in intentional discrimination on the basis of race, color, or national origin, in violation of the Equal Protection Clause. The United States' claim shares common questions of law and fact with Plaintiffs' claims. Indeed, the United States' proposed Complaint in Intervention largely tracks the substance of Plaintiffs' Complaint. As explained in Section III.B.1 *supra*, the United States' motion is timely and will not unduly delay or prejudice the adjudication of the original parties' rights. All other "relevant factors" the court may consider, *see Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977), weigh in favor of the government's intervention in a case involving a public school district's decision to grant or withhold benefits by operating a race, color, and national origin-based preference system.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to intervene and order its intervention in this action.

DATED: February 18, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section

*/s/ John P. Mertens*
JOHN P. MERTENS
Acting Deputy Chief
ERIC LANSING
Trial Attorney

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney

Attorneys for Plaintiff-Intervenor
United States Of America

8

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff-Intervenor, certifies that this brief contains 2412 words, which complies with the word limit of L.R. 11-6.1

Dated: February 18, 2026         /s/ *Julie A. Hamill*
                                 JULIE A. HAMILL
                                 Assistant United States Attorney