HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section
JOHN P. MERTENS (CA No. 252762)
Acting Deputy Chief
ERIC LANSING (VA No. 86299)
Trial Attorney
Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Ave. NW
        Washington, DC 20530
        Telephone: (202) 598-9726
        Email: john.mertens@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street, Suite 7516
        Los Angeles, California 90012
        Telephone: (213) 894-2464
        E-Mail: julie.hamill@usdoj.gov

Attorneys for Plaintiff-Intervenor
United States Of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1776 PROJECT FOUNDATION, <br><br> *Plaintiff*, <br><br> and <br><br> THE UNITED STATES OF AMERICA, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> ALBERTO M. CARVALHO, Superintendent of the Los Angeles Unified School District (LAUSD), and SCOTT | No. 2:26-cv-00548-HDV (AGRx) <br><br> UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> Honorable Hernan D. Vera <br> United States District Judge |

1

SCHMERELSON, President of the Los Angeles Unified School District (LAUSD) Board of Education, and BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT,

*Defendants*.

## INTRODUCTION

The United States brings this action to stop the Los Angeles Unified School District ("LAUSD" or "the District"), overseen by its Superintendent and governed by its Board of Education, from operating a system of racial spoils. This system, known as the PHBAO Program, arose to counteract *de facto* (but not *de jure*) segregation of Blacks and Whites, identified in the 1960s. Sixty years have passed, and the majority racial group in LAUSD has been Hispanic for decades. Nevertheless, LAUSD's desegregation plan carries on with no end in sight. LAUSD operates "magnet" schools to appeal to students by offering advantageous and desirable educational opportunities. When these schools become oversubscribed, the PHBAO Program allocates applicants by race. LAUSD also alters the operating rules and funding for its neighborhood schools based on the race of the people who live in the neighborhood.

The era of race-based educational spoils systems has long since passed. "The way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007). This would be true even if LAUSD were still struggling to integrate Blacks and Whites. Today, Whites are such a small fraction of LAUSD's student population that roughly 90% of its schools are given "special" funding as predominantly non-White schools. This renders LAUSD's efforts incoherent as well as unconstitutional. The United States intervenes, because ending all discrimination in schools is of general public importance.

## PRELIMINARY STATEMENT

1.    This action challenges the constitutionality of a policy of the LAUSD

2

referred to as the PHBAO Program.

2.     PHBAO is an acronym meaning Predominately Hispanic, Black, Asian, or Other Non-Anglo, and refers to the races of the people present in the LAUSD's service area.[1]

3.     The PHBAO Program divides each school in the LAUSD into one of two categories: PHBAO schools, and non-PHBAO schools. A PHBAO school is one where the resident student population consists of more than 70% of persons whose race fit within the LAUSD's definitions of Hispanic, Black, Asian, and Other Non-Anglo ("HBAO").

4.     LAUSD's collective racial category of HBAO uses the term "Anglo" to mean "White." Therefore, HBAO means "non-White." This group excludes as "Anglo" people who are categorized as White, such as those whose origin is in the Middle East.

5.     Schools that obtain PHBAO status, and the students who reside in their geographic areas, receive certain benefits including: i) greater school funding to hire additional teachers such that the PHBAO schools have a student-teacher ratio that is roughly 5.5 fewer students per teacher than in comparable non-PHBAO schools;[2] ii) the right to have two parent-teacher conferences per year to "allow parents to monitor the academic and social development of students and to involve parents in the educational processes;"[3] and iii) the addition of four Magnet Priority Points to a student's application to LAUSD's magnet programs, which improves the chances that a student living in the area served by a PHBAO school will be accepted into a magnet program.[4]

6.     Plaintiff brought this Action to seek relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race.

7.     The law authorizes the United States to uphold the general public's interest

---

[1] https://web.archive.org/web/20251208135559/https:/integration.lausd.org/apps/pages/index.jsp?uREC_ID=4407108&type=d&pREC_ID=2635590.

[2] *See Infra*, ¶ 2.

[3] https://web.archive.org/web/20251208135559/https:/integration.lausd.org/apps/pages/index.jsp?uREC_ID=4407108&type=d&pREC_ID=2635590.

[4] https://web.archive.org/web/20251208135611/https:/choices.lausd.net/magnet.

in consistent, non-discriminatory application of the law as guaranteed by the Fourteenth Amendment.

8. The United States invokes its authority pursuant to 42 U.S.C. § 2000h-2 here and files this Complaint in Intervention to seek declaratory relief that the PHBAO Program violates the Equal Protection rights of Plaintiff and others in the LAUSD's jurisdiction and to permanently enjoin operation of the PHBAO Program.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 2000h-2.

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Relief is authorized by 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 2000h-2.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because the Defendants reside in this District, LAUSD is located in this District, and a substantial part of the events or omissions giving rise to this claim occurred here.

12. This action concerns, *inter alia*, a violation of the Equal Protection Clause. The United States Attorney General has certified this case is of public importance. *See* attached certification. The United States is therefore authorized to intervene in this action pursuant to 42 U.S.C. § 2000h-2.

## PARTIES

13. Plaintiff-Intervenor is the United States of America.

14. On information and belief, plaintiff 1776 Project Foundation is a nonprofit organization with one or more members who reside in the LAUSD area with children currently enrolled in LAUSD schools, that advocates for the principle of equal rights for all by opposing race-based discrimination in public education, and creates and disseminates policies that will promote academic achievement and revitalize the education system for families and students throughout the country.

15. Defendant Alberto M. Carvalho is a California resident and the

Superintendent of LAUSD, sued in his official capacity. He exercises ultimate administrative authority over LAUSD's schools, students, and programs, including the PHBAO program, and is responsible for implementing and enforcing the policies and programs challenged in this action.

16. Defendant Scott Schmerelson is a California resident and the President of the LAUSD Board of Education, sued in his official capacity. He participates in establishing and approving policies governing LAUSD's programs, including those challenged in this action, and oversees their implementation alongside other Board members.

17. Defendant Board of Education of the LAUSD ("Board") is a governmental body charged under California law with the responsibility of operating the public school system in Los Angeles County, California.

## FACTUAL ALLEGATIONS

18. LAUSD is the largest school district in California, and second largest in the Nation, responsible for educating hundreds of thousands of students in hundreds of schools.

19. Under the PHBAO Program outlined above, LAUSD classifies its students as Hispanic, Black, Asian, and Other (non-Anglo) and calls students of these racial groups "HBAO." The District then characterizes some schools as predominantly HBAO (PHBAO) and affords their students preferences unavailable to students at schools that lack that designation. LAUSD's use of the term "Anglo" means, on information and belief, people of the White/Caucasian race.

20. LAUSD classifies roughly 90% of its schools as PHBAO.

21. Schools designated PHBAO have more favorable student/teacher ratios than non-PHBAO schools. LAUSD published a chart entitled "2024-2025 Class Size Table that indicates:

**2024-2025 Class Size Table[1]**

| Type of School | Grade Levels | Class Size Average | Class Size Maximums |
|---|---|---|---|
| PHBAO | TK-3 | 23.00 | 26 |
| PHBAO | 4-5 (6) | 26.00 | 29 |
| PHBAO Academic | (6) 7-8 | 26.00 | 29 |
| PHBAO Academic | 9-10 | 26.00 | 29 |
| Non-PHBAO | TK-3 | 23.00 | 26 |
| Non-PHBAO | 4-5 (6) | 31.50 | 35 |
| Non-PHBAO Academic | (6) 7-8 | 31.50 | 35 |
| Non-PHBAO Academic | 9-10 | 31.50 | 35 |

22. Schools designated PHBAO are required to hold two parent-teacher conferences per year. No such requirement applies in schools that are non-PHBAO.

23. Students who reside in the zone of a school designated PHBAO receive additional points when being considered for selection for a magnet program within the District. Such students receive four Magnet Priority Points, the same number of Magnet Priority Points awarded to a student residing in the zone of a school designated as "overcrowded" and more than the three Magnet Priority Points assigned to students applying to the same magnet program in which their brother or sister is currently enrolled.

24. Defendants determine who is admitted to Magnet Program schools on the basis of the "need to maintain a racially balanced enrollment."[5]

25. Each of these benefits furthers the stereotype that students attending schools with a population that is predominantly HBAO need additional assistance because of the race of their neighbors, and that living in a neighborhood with HBAO students is an educational disadvantage, on par with being assigned to an overcrowded school.

26. On its website, LAUSD says the purpose of the Magnet Program is "to

---

[5] https://web.archive.org/web/20251208184319/https:/integration.lausd.org/apps/pages/index.jsp?uREC_ID=4409828&type=d&pREC_ID=2639260.

6

eliminate, reduce or prevent long-standing patterns of racial isolation."[6] In practice, however, LAUSD does not target "racial isolation," only the presence of 70% or more non-White people in the neighborhood. All non-Whites are considered interchangeable in this calculation.

27.    LAUSD allocates a disproportionate budget amount to the PHBAO schools in comparison with non-PHBAO schools to fulfill these discriminatory practices, including but not limited to additional staffing and administration allocated to PHBAO schools.

28.    Students attending non-PHBAO schools are denied and directly blocked from these benefits because of the racial composition of their school attendance zone, which detrimentally impacts the quality of their educational experience and directly damages these students. This unconstitutional practice has been in effect for decades without legitimate purpose.

29.    Racial classification creates a stigma for students, is unconstitutional under the Equal Protection Clause of the United States Constitution, and prejudices persons living in LAUSD's jurisdiction.

30.    Absent injunctive relief, LAUSD and its officials will continue implementing these discriminatory programs, infringing on the constitutional rights of persons living in the jurisdiction of the State of California in violation of the Fourteenth Amendment to the US Constitution.

**FIRST CLAIM FOR RELIEF**

**Violation of the Equal Protection Clause of the Fourteenth Amendment**

31.    The United States re-pleads the preceding paragraphs and incorporates them herein by reference.

32.    Under the Fourteenth Amendment, no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

---

[6] https://web.archive.org/web/20251208184319/https://integration.lausd.org/apps/pages/index.jsp?uREC_ID=4409828&type=d&pREC_ID=2639260.

33. The Fourteenth Amendment was designed to eradicate race-based state action.

34. The Equal Protection Clause requires that the opportunity of an education, where a State has undertaken to provide it, is a right that must be made available to all on equal terms.

35. One form of injury under the Equal Protection Clause is being forced to compete in a race-based system that prejudices some students while providing advantages to others.

36. Defendants, acting under color of state law, have implemented and enforced programs that differentiate among students on the basis of race.

37. The PHBAO Program does not remedy specific, identified instances of past or present discrimination.

38. The PHBAO Program forces students to compete for placement in magnet programs in a race-based system, which prejudices some students, including Plaintiff's members.

39. The PHBAO Program distributes benefits and burdens on the basis of race without substantive justification, and certainly without sufficient justification to survive strict scrutiny.

40. Persons living under the jurisdiction of LAUSD suffer harm from having their educational benefits altered on the basis of race.

41. Defendants' policies and practices therefore violate the Equal Protection Clause.

42. Unless restrained by this Court, Defendants will continue to violate the Equal Protection Clause and cause irreparable harm to Plaintiff's members and others in LAUSD's jurisdiction.

## PRAYER FOR RELIEF

The United States of America respectfully requests that the Court enter judgment in its favor and grant the following relief:

1.      A declaration that Defendants' policies and practices, and their associated programs described herein as the PHBAO Program, deny students under the jurisdiction of LAUSD the Equal Protection of the Law to which they are entitled under the Fourteenth Amendment, and that Defendants' actions in depriving the students of their equal protection on the basis of race, color, or national origin violates 42 U.S.C. § 1983;

2.      A permanent injunction prohibiting Defendants, and all persons acting in concert with them, from using preferences based on race, color, or national origin in any manner in operating, funding, advertising, or admitting students into school programs, and requiring Defendants to provide notice and equal outreach to all eligible students regardless of race, color, or national origin;

3.      An award of any applicable costs and fees, where available by law; and

4.      Any other legal or equitable relief the Court deems just and proper.

DATED: February 18, 2026                    Respectfully submitted,

                                            HARMEET K. DHILLON
                                            Assistant Attorney General
                                            JESUS A. OSETE
                                            Principal Deputy Assistant Attorney
                                            General
                                            JEFFREY MORRISON
                                            Acting Chief, Educational Opportunities
                                            Section

                                            /s/ John P. Mertens
                                            JOHN P. MERTENS
                                            Acting Deputy Chief
                                            ERIC LANSING
                                            Trial Attorney

                                            TODD BLANCHE
                                            Deputy Attorney General
                                            BILAL A. ESSAYLI
                                            First Assistant United States Attorney

                                            /s/ Julie A. Hamill
                                            JULIE A. HAMILL
                                            Assistant United States Attorney

                                            Attorneys for Plaintiff-Intervenor
                                            United States Of America

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section
JOHN P. MERTENS (CA No. 252762)
Acting Deputy Chief
ERIC LANSING (VA No. 86299)
Trial Attorney
Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, DC 20530
    Telephone: (202) 598-9726
    Email: john.mertens@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    E-Mail: julie.hamill@usdoj.gov

Attorneys for Plaintiff-Intervenor
United States Of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1776 PROJECT FOUNDATION,<br><br>*Plaintiff,*<br><br>and<br><br>THE UNITED STATES OF AMERICA,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>ALBERTO M. CARVALHO,<br>Superintendent of the Los Angeles Unified<br>School District (LAUSD), and SCOTT | No. 2:26-cv-00548-HDV (AGRx)<br><br>CERTIFICATE OF THE ATTORNEY<br>GENERAL UNDER 42 U.S.C. § 2000h-2<br><br>Honorable Hernan D. Vera<br>United States District Judge |

1

**EXHIBIT A**

SCHMERELSON, President of the Los Angeles Unified School District (LAUSD) Board of Education, and BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT,

*Defendants*.

I, Pamela Bondi, Attorney General of the United States, hereby certify, in accordance with Section 902 of Title IX of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000h-2, that the above-captioned case is of general public importance.

Signed this __17th__ day of February 2026, at Washington D.C.

_____
PAMELA BONDI
Attorney General of the United States

2

**EXHIBIT A**